IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MINNIE MCCALL,           )
                         )
        Plaintiff,       )
                         )
v.                       )        CASE NO.: 2:14-cv-1113-MHT-GMB
                         )        [WO]
MONTGOMERY HOUSING       )
AUTHORITY, *et al.*,     )
                         )
        Defendants.      )

## OPINION AND ORDER

Now before the court is the Motion to File Leave to Amend Complaint for

Correction filed by *pro se* Plaintiff Minnie McCall (Doc. 55); an objection to McCall's

motion for leave to file a third amended complaint filed by Defendants Montgomery

Housing Authority ("MHA") and Yvette Hester[1] (Doc. 56); McCall's "Motion of Response

to Defendant's Objection to Plaintiff's Complaint for Corrections" (Doc. 58), which the

court construes as a response to Defendants' objection; and Defendants' reply to McCall's

response to their objection (Doc. 59). Also before the court is MHA's and Hester's motion

to sanction McCall and to strike certain portions of her response to their motion to dismiss

(Doc. 44), and McCall's Motion Not to Sanction or Strike Part of Plaintiff Pleading or

---

[1] McCall incorrectly refers to Defendant Evette Hester as Yvette Hester. The Clerk of Court is DIRECTED to change this defendant's name on the docket sheet from Yvette Hester to Evette Hester, and the court will refer to this defendant as Evette Hester from this point forward in the proceedings. In addition, while McCall's second amended complaint names the Montgomery Board of Commissioners as a defendant, MHA has informed the court and McCall that "the Montgomery Board of Commissioners" is not a legal entity, and to the extent McCall attempts to assert claims against the Montgomery Board of Commissioners, those claims are duplicitous of the claims she is asserting against MHA. For this reason, the court construes the defense motions currently pending before it as filed on behalf of MHA and Hester only.

Dismiss Plaintiff Pleading as it Relates to Show Cause Order (Doc. 50), which the court construes as a response to Defendants' motion to strike and for sanctions.

After a careful review of the record, and for the reasons that follow, the court finds that McCall's motion for leave to file a third amended complaint is due to be DENIED, and the defendants' motion to strike and for sanctions is also due to be DENIED.

## I. FACTUAL AND PROCEDURAL HISTORY

McCall filed this lawsuit on October 24, 2014 against MHA and Hester in her official capacity as Executive Director of MHA.[2] Doc. 1. On January 27, 2016, after reviewing McCall's objections to the undersigned's report and recommendation that her complaint be dismissed for lack of subject-matter jurisdiction, the court ordered McCall to file "an amended complaint that clearly sets forth her claims, identified in separate counts with separately numbered paragraphs, and that is supported by factual allegations identifying the specific harm(s) caused to McCall by each specific defendant." Doc. 9.

McCall filed an amended complaint on February 12, 2016, naming MHA, Hester, and the MHA Board of Directors as defendants. Doc. 10. The amended complaint asserts claims against these defendants for violations of the Fair Housing Act and of McCall's due process and equal protection rights. Doc. 10. McCall also sought to assert class-action claims on behalf of individuals who were subjected to similar violations of the Fair Housing Act by MHA, as well as individuals whose housing rights have been terminated by MHA without the benefit of a fair and impartial hearing or meeting prior to the

[2] This case was reassigned to the undersigned United States Magistrate Judge on October 27, 2015.

termination of those rights. Doc. 10.

On April 4, 2016, MHA, Hester, and the Board of Directors moved to dismiss McCall's amended complaint arguing that her claims were due to be dismissed because they failed to meet minimum pleading requirements. Docs. 19 & 20. Because the defendants' motion relied on materials outside the pleadings, the court construed the motion as one for summary judgment and ordered McCall to file a single response. Doc. 21. McCall instead filed multiple documents and motions in response to the defendants' summary-judgment motion, many of which contained factual allegations and claims that were not in the amended complaint. Docs. 22-1, 23, 25, 26 & 29.

One of these filings was a "Motion to Add to Plaintiff Response to Defendant Motion to Dismiss or Alternative Motion for Summary Judgment." Doc. 25. In that motion, McCall sought to add as defendants Nona Eath, a former MHA employee, and the City of Montgomery. Doc. 25. She also sought to include additional factual allegations and to add a new claim that she was unlawfully denied the right to "port out" of her current housing. Doc. 25.

Because McCall is proceeding *pro se* and because the court should freely give leave when justice so requires, the court granted McCall leave to amend her complaint a second time to add new defendants and to set forth all of the claims arising out of the incidents made the basis of her first amended complaint and her motion to amend. Doc. 30. However, the court cautioned McCall that "with this granting of leave to amend her complaint, the court is not giving McCall permission to amend in any manner she desires." Doc. 30.

> McCall's amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. More specifically, McCall must set forth her claims in numbered paragraphs, and she must identify and label the specific causes of action she is asserting against the Defendants. McCall must also identify the specific facts that support each specific claim, and she must identify which claims she is asserting against each Defendant. More than conclusory and vague allegations or subjective beliefs are required to state a cause of action.

Doc. 30. Additionally, the court warned McCall that, absent good cause, she would not be given another opportunity to amend her complaint, nor would she be allowed to assert new factual allegations or to add new claims or parties through a later response to a motion to dismiss or for summary judgment. Doc. 30. Because McCall was given leave to amend, the court denied as moot the defendants' pending motion for summary judgment and motion to strike with leave to refile after McCall filed her amended complaint. Doc. 30. The court also denied as moot McCall's motion for a preliminary injunction with leave to refile after she filed an amended complaint. Doc. 30.

On February 17, 2017, McCall filed her second amended complaint (or her third complaint), naming MHA, Nona Eath, Evette Hester, and the Montgomery Board of Commissioners as defendants. Doc. 35. Having leniently reviewed the second amended complaint due to McCall's *pro se* status, and making its best effort to discern McCall's claims, the court concludes that McCall is asserting the following claims against one or more of the defendants:

> (1)   a violation of the Fair Housing Act based on the entry of McCall's housing unit for an inspection on October 24, 2012 without giving her prior notice of the inspection;

(2)     a violation of the Americans with Disabilities Act ("ADA") based on MHA's denial of a "reasonable accommodation" for McCall at MHA meetings;

(3)     a violation of the ADA based on the denial of a "reasonable accommodation" when Eath refused to give McCall an extension on a housing choice voucher, which resulted in the denial of her housing;

(4)     forcing McCall, an African American, to live in segregated areas as a result of the defendants' housing policies;

(5)     MHA's denial of McCall's safe housing rights and "human rights" through fraudulent inspections performed by McCright & Associates;

(6)     Eath and inspectors from McCright & Associates "verbally abused" McCall;

(7)     Hester denied McCall safe housing by "the act of omission" and "gross negligence" in her official capacity;

(8)     the "Board of Directors"[3] denied McCall safe housing by the "act of omission";

(9)     Eath denied McCall safe housing by abusing her power in her official capacity;

(10)    MHA's Deputy Director Charina Allen-Beasley denied McCall the ability to "port out" of her current housing and, therefore, denied her safe housing;

(11)    MHA conspired with the owner of her housing unit, Bristol Downs Apartment Complex ("Bristol Downs"), to spray heavy pesticides in her unit after she complained about MHA and Bristol Downs, making McCall and her family sick;

(12)    MHA violated the ADA by failing to accurately warn Bristol Downs about the proper use of pesticides and by permitting children to be exposed to toxins;

---

[3] The court assumes that McCall meant to reference the Board of Commissioners and not a Board of Directors in this paragraph.

(13)     MHA, Eath, Hester, and the Board of Commissioners abused their power and engaged in gross negligence by allowing paint to peel in her unit, causing McCall and her daughter to have unexplained illnesses;

(14)     MHA attempted to stop McCall from making a fair housing complaint after she reported that the inspector spoke with "racial under tones" and was "talking verbally abusive" to her;

(15)     MHA used her housing choice voucher to force her to attend a meeting and denied her the option to "port out"; and

(16)     a generic claim for injunctive and declaratory relief.

Doc. 35. McCall's second amended complaint does not identify and label the specific causes of action she is asserting against each defendant, nor does she identify which facts support which claims or which claims are asserted against which defendants. Doc. 35.

On March 28, 2017, MHA and Hester moved to dismiss the second amended complaint. Doc. 41. McCall filed her response on April 11, 2017, and the defendants replied on April 17, 2011. Docs. 43 & 45. MHA and Hester also filed a joint motion to strike certain portions of McCall's April 11, 2017 response to their motion to dismiss and a motion to sanction McCall. Doc. 44. She responded to the defendants' motion to strike and for sanctions on May 9, 2017. Doc. 50.

Almost a month later, with the defendants' motion to dismiss still pending, McCall filed a motion for leave to file a third amended complaint. Doc. 55. McCall provided no grounds for this motion. Doc. 55. The defendants objected to McCall's motion for leave to amend (Doc. 56), McCall responded to that objection (Doc. 58), and the defendants replied (Doc. 59).

The relevant motions are fully briefed and ripe for resolution by the court, as discussed below.

## II. DISCUSSION

### A.    McCall's Motion to Amend

This lawsuit was filed in October 2014. Almost three years later, McCall is requesting leave to file a third amended complaint, which would be her fourth complaint. Doc. 55. "Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be 'freely given,' except in the presence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Coates v. Natale*, 2010 WL 749630, at *1 (M.D. Ga. Mar. 1, 2010) (quoting *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999)). The defendants argue that McCall's request should be denied because she has already filed three complaints and has not shown good cause to file a fourth. Doc. 56. For the reasons that follow, the court finds that McCall's request for leave to file a third amended complaint is due to be denied.

After filing her initial complaint, the court ordered McCall to file an amended complaint "that clearly sets forth her claims, identified in separate counts with separately numbered paragraphs, and that is supported by factual allegations." Doc. 9. McCall complied and filed an amended complaint in February 2016, which the defendants moved to dismiss shortly after it was filed. Docs. 10 & 20.

After the defendants filed their motion to dismiss, McCall sought leave to amend her complaint, this time to add new defendants and a new claim. Doc. 25. The court granted McCall's request for leave to amend in December 2016, but warned that her amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and that, absent good cause, she would not be given another opportunity to amend. Doc. 30. McCall filed her second amended complaint (or her third complaint) in February 2017. Doc. 35.

The defendants moved to dismiss the second amended complaint in March 2017. Doc. 41. In response to the defendants' motion, McCall filed another motion for leave to amend. Doc. 55. McCall does not articulate any cause to amend her complaint a third time. Her motion simply states: "Plaintiff McCall is asking the court for leave to amend complaint for corrections at this time." Doc. 55. McCall does not specify what these "corrections" are, or why it is necessary to make them at this late stage in the proceedings. Nor does she articulate how the need to make these corrections amounts to good cause for filing a fourth complaint. The court warned McCall in unequivocal terms in its December 29, 2016 order that, absent good cause, she would not be given another opportunity to amend her complaint. Doc. 30. McCall has not shown any cause—much less good cause— to amend her complaint a third time. For this reason alone, her motion for leave to amend is due to be denied.

However, McCall's motion for leave to amend is due to be denied for additional reasons. First, McCall has unreasonably delayed in requesting leave to amend. She has not demonstrated how the corrections she requests to make or any other clarification she

intends to provide through a third amended complaint were unknown to her or were not otherwise discoverable when she filed her second amended complaint. From a review of the proposed third amended complaint, the corrections McCall intends to make were matters known to her, or that should have been known to her, when she filed her second amended complaint. For McCall to wait until June 2017 to request leave to amend her complaint on this basis is unreasonable.

As the court previously explained, McCall's initial complaint was filed in October 2014, but she is still attempting to amend her complaint in September 2017, always in response to the defendants' motions to dismiss. Indeed, after briefing was completed on the defendants' motion to dismiss the first amended complaint, McCall sought leave to amend her complaint, which the court granted. Docs. 25 & 30. Now, almost two months after briefing was completed on the defendants' motion to dismiss the second amended complaint, McCall filed another motion for leave to amend her complaint. Doc. 55. McCall has thus established a pattern of filing motions to amend after the defendants move to dismiss her complaint. This court, however, will not permit a plaintiff to circumvent a defendant's motion to dismiss through repeated amendments. At this point, unless McCall shows good cause or the discovery of facts or claims that were undiscoverable until now— neither of which she has done—the court will not permit another amendment. Instead, McCall must stand by and prosecute her claims as alleged in the second amended complaint.

McCall's request for leave to amend should also be denied because of her repeated failure to cure deficiencies by amendments previously allowed. The court twice ordered

McCall to file an amended complaint that (1) clearly sets forth her claims, identified by separate counts in separately numbered paragraphs; (2) identifies and labels the specific causes of action she is asserting against each defendant; and (3) identifies the specific facts that support each specific claim against each defendant. Docs. 9 & 30. McCall has yet to do this with either amended complaint, and the proposed third amended complaint is equally deficient. *See* Docs. 10, 35 & 55-1.

Finally, the court has compared McCall's second amended complaint with the proposed third amended complaint and concludes that there are only minor differences between the two. In fact, the proposed third amended complaint eliminates a claim for declaratory relief, and the only other differences between the two complaints are insignificant. Thus, while denying McCall's motion to amend her complaint a third time would not prejudice McCall, allowing a fourth complaint to be filed would unduly prejudice the defendants in that time and resources would be spent on investigating a new complaint and likely filing yet another motion to dismiss. The defendants have been litigating this case for almost three years, and at this point in the litigation fairness dictates that they have some certainty as to the allegations and claims they are defending against. This case cannot move forward in a timely and efficient manner if the complaint is a moving target.

For these reasons, the court finds that McCall's motion for leave to file a third amended complaint is due to be denied.

**B.    Motion to Strike and Motion for Sanctions**

The defendants claim that portions of McCall's response in opposition to their

motion to dismiss should be stricken because they constitute new allegations that are not contained in the second amended complaint. Doc. 44. The defendants specifically request that the court strike 23 allegations from McCall's response brief. Doc. 44.

The court understands that, in the majority of circumstances, its review of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is limited to the four corners of the complaint—in other words, the reviewing court cannot consider documents and allegations that are not contained in the complaint itself. *E.g.*, *Andrews v. City of Hartford*, 2017 WL 2829375, at *2 (11th Cir. June 30, 2017); *Garcia v. Certain Underwriters at Lloyd's London*, 2017 WL 2304005, at *2 (S.D. Ala. Apr. 13, 2017) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006)).

A motion to strike is governed by Federal Rule of Civil Procedure Rule 12(f) and provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Gill v. Kostroff*, 2000 WL 141260, at *4 (M.D. Fla. Feb. 8, 2000). Indeed, granting a motion to strike is a drastic remedy disfavored by the courts. *See Kahama VI, LLC v. HJH, LLC*, 2014 WL 521085, at *4 (M.D. Fla. Feb. 10, 2014).

The court has reviewed the defendants' motion to strike and McCall's response in opposition to the defendants' motion to dismiss. While the court agrees that certain of the allegations and claims contained in McCall's response are not contained in the second amended complaint, the court cannot conclude that these allegations have no possible

relation to the controversy. Moreover, McCall's response in opposition to the defendants' motion to dismiss is not a pleading subject to Federal Rule of Civil Procedure 12(f). *See, e.g.*, *Mahon v. City of Largo, Fla.*, 829 F. Supp. 377, 385 (M.D. Fla. 1993) ("A response to a motion is not a pleading, and thus a motion to strike . . . is not proper under 12(f)."). Finally, the allegations in McCall's response brief are not "redundant, immaterial, impertinent, or scandalous" and, thus, do not warrant being stricken from the record. *See Huckaby v. East Ala. Med. Ctr.*, 830 F. Supp. 1399, 1402 (M.D. Ala. 1993).

The court recognizes that, in ruling on the defendants' motion to dismiss, it is limited to the four corners of the second amended complaint and that McCall's response in opposition to their motion is not a superseding amended complaint. Therefore, while the court will not strike McCall's response brief from the record for the reasons stated above, the court will also not consider any additional claims or allegations in McCall's response brief as amendments to the complaint when resolving the motion to dismiss.

Accordingly, the court finds that the defendants' motion to strike is due to be denied. The court further finds that the defendants' motion to sanction McCall is also due to be denied, as the defendants have not made a sufficient showing to warrant the imposition of sanctions against a *pro se* plaintiff.

## III. CONCLUSION

For these reasons, it is ORDERED that:

1.      McCall's motion for leave to file a third amended complaint (Doc. 55) is DENIED; and

2. The defendants' joint motion to strike and for sanctions (Doc. 44) is DENIED.

DONE this 29th day of September, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE