IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINNIE MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:14-CV-1113-ECM-SMD |
| | ) |
| MONTGOMERY HOUSING, | ) |
| AUTHORITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (Doc. 90), Plaintiff's Motion to Amend Plaintiff's Response in Opposition to Summary Judgment (Doc. 101), and Plaintiff's Motion for Sanctions (Doc. 104) against Defendant for failure to comply with discovery requirements. For the reasons below, Plaintiff's Motions are denied and the undersigned recommends that Defendants' Motion for Summary Judgment be granted.

## II. BACKGROUND

On February 17, 2017, Plaintiff filed her Second Amended Complaint (Doc. 35) alleging, *inter alia*, racial discrimination and retaliation under the Fair Housing Act ("FHA") by the Montgomery Housing Authority ("MHA") and others. *See* (Doc. 61) at 2-3; *see generally* (Doc. 35). MHA responded by filing a Motion to Dismiss (Doc. 41) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.*

at 6-7. The United States Magistrate Judge previously assigned to the case issued a Report and Recommendation (Doc. 61) on Defendants' Motion to Dismiss, recommending that all of Plaintiff's claims except her racial discrimination and retaliation claims against MHA and the Executive Director of MHA, Yvette Hester ("Hester"), be dismissed. *Id.* at 17-18. The United States District Judge subsequently adopted (Doc. 66) the Magistrate Judge's Recommendation. Defendants then Answered (Doc. 68) Plaintiff's Second Amended Complaint, the parties filed their Rule 26(f) Report (Doc. 76), and the Court entered a Uniform Scheduling Order (Doc. 77). The discovery deadline was set for August 10, 2018. (Doc. 77) at 3.

On October 25, 2018, Defendants filed a Motion for Summary Judgment and brief in support thereof (Docs. 90, 92), and Plaintiff filed a Response (Doc. 100) in opposition. On January 3, 2019, Plaintiff filed a Motion to Amend (Doc. 101) her Response because Defendants, she claims, failed to comply with discovery requirements. Defendants filed a Response (Doc. 102) in opposition to Plaintiff's Motion, averring that they provided all required and requested documents during and after the discovery period. *Id.* at 2-3. Plaintiff then filed a Motion for Sanctions (Doc. 104) against Defendants.

On January 9, 2019, the case was reassigned to the undersigned United States Magistrate Judge. Because Fed. R. Civ. P. 72(a) grants the undersigned the authority to rule upon non-dispositive pretrial matters, the undersigned will address Plaintiff's Motions via order. Because Defendants' Motion for Summary Judgment is dispositive of the case, the undersigned will address it via recommendation.

As Plaintiff's Motion to Amend (Doc. 101) turns on whether Defendants have complied with discovery requirements, the undersigned turns first to Plaintiff's Motion for Sanctions (Doc. 104).

### III.  PLAINTIFF'S MOTION FOR SANCTIONS

"[S]anctions [under Rule 37] may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as the result of the defendants' contumacy." *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400-01 (11th Cir. 1989) (citing *United States v. United Marine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).  The burden is with the movant to make a prima facie showing that the opposing party violated an order of the court for discovery.  *Id.* at 400.

In her Motion for Sanctions (Doc. 104), Plaintiff argues that Defendants have not complied with the rules of discovery.  *Id.* at 1.  Specifically, she claims that, when she viewed her MHA "tenant file," she discovered that "many documents were missing from the file folder which could give Plaintiff a favorable outcome in the case."  *Id.*  Plaintiff further claims that the purported missing documents "should be included in Plaintiff File Folder by law," but she does not cite which law imputes such an obligation upon Defendants.  *Id.*  In response to Plaintiff's Motion, Defendants claim that they are not in possession of any of the documents Plaintiff believes to be missing from the tenant folder.  (Doc. 105) at 2.  Defendants also assert that "Plaintiff did not submit *any* discovery requests to Defendants in this case."  *Id.* at 1 (emphasis added).

Here, Plaintiff has provided no evidence by which the undersigned could conclude that Defendants have failed to comply with an order of this Court or the rules of discovery. Plaintiff has proffered no evidence that Defendants have objected to any discovery request which would warrant sanctions. Indeed, Defendants aver that Plaintiff has made *no* discovery requests. To the extent that Plaintiff claims that documents are missing from her tenant folder, Plaintiff has provided no evidence that the documents she believes should be in her tenant folder, have ever been—or are required to be—in her tenant folder. Consequently, Plaintiff has failed to meet her burden of showing that Defendants are not compliant with the rules of discovery.

Further, Plaintiff's Motion for Sanctions fails to conform to the Federal Rules of Civil Procedure, making the motion due to be denied on that basis alone.[1] Before Plaintiff can move to sanction Defendant, she must first ask the Court to compel disclosure, which she has not done.[2] *See* Fed. R. Civ. P. 37(a)(3). Additionally, before the Court will consider a motion from Plaintiff to compel discovery, she must certify that she has, in good faith, conferred or attempted to confer with Defendants, via an in-person meeting, prior to seeking the intervention of the Court. *See* Fed. R. Civ. P. 37(a)(1). Plaintiff has failed to comply with both of these requirements and, therefore, is in violation of the rules of

---

[1] Although courts liberally construe *pro se* pleadings, a *pro se* litigant is still required to comply with the Federal Rules of Civil Procedure. *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009); *Tanner v. Neal*, 232 F. App'x 924, 925 (11th Cir. 2007).
[2] The undersigned finds that it would be futile to allow Plaintiff to file a motion to compel because she has not demonstrated that Defendants have any discoverable material that they have not already provided to her. Leave to amend is futile when the other party would still be entitled to summary judgment if the amendment were allowed. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

discovery. Accordingly, the undersigned concludes that Plaintiff's Motion for Sanctions (Doc. 104) should be denied.

### IV. PLAINTIFF'S MOTION TO AMEND

Having concluded that Plaintiff's Motion for Sanctions (Doc. 104) is due to be denied, the undersigned turns next to Plaintiff's Motion to Amend (Doc. 101) her Response in Opposition to Defendants' Motion for Summary Judgment. The decision whether to grant a motion like Plaintiff's is committed to the sound discretion of the trial court. *See Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984); *Gardner v. Alaha Ins. Servs.*, 566 F. App'x 903, 905 (11th Cir. 2014) ("District courts have broad discretion in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

In her Motion to Amend (Doc. 101), Plaintiff argues that she should be allowed to amend her Response in Opposition (Doc. 100) to Defendants' Motion for Summary Judgment (Doc. 90) because "they has [sic] not complied with the mandate of the court as it relates to discovery." (Doc. 101). As previously discussed, Plaintiff contends, without offering supporting evidence, that certain documents are missing from her tenant file. (Doc. 104) at 1. Plaintiff avers that, without the purported missing documents, she cannot properly respond to Defendants' Motion for Summary Judgment. (Doc. 101). Plaintiff does not state how she wishes to amend her Response, nor does she attach a proposed amended response to her Motion.

Based on Plaintiffs statements in her Motion to Amend (Doc. 101), the undersigned liberally construes Plaintiff's Motion as a request for additional discovery pursuant to Fed. R. Civ. P. 56(d).  Rule 56(d) authorizes a party facing summary judgment to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" and to ask the court for additional time "to obtain affidavits or declarations or to take discovery. . . ."  Fed. R. Civ. P. 56(d).  However, Plaintiff does not identify in her Motion which facts she expects to discover if she were granted additional discovery or how those facts, if discovered, would be relevant to the disputed issues.  Instead, she merely avers that certain, unknown documents are missing related to her tenant file, and appears to speculate that these documents may somehow assist her in responding to Defendants' Motion for Summary Judgment.  "A [Rule 56(d)] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Garner v. City of Ozark*, 587 F. App'x 515, 518 (11th Cir. 2014) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).  "'[V]ague assertions that additional discovery will produce needed, but unspecified facts' fail to meet this burden."  *Smedley v. Deutsche Bank Trust Co. Ams.*, 676 F. App'x 860, 862 (11th Cir. 2017) (quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990).  Accordingly, the undersigned concludes that Plaintiff's Motion to Amend (Doc. 101) should be denied.

## V.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).  The applicable substantive law identifies which facts are material.  *Id.* at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  *Id.*  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* at 249-50.

In resolving a motion for summary judgment, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002).  However, the Court is bound only to draw those inferences that are reasonable.  "Where the record taken as a

7

whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted); *see also Matsushita*, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts"). Hence, the nonmovant must establish, with *appropriate evidence beyond the pleadings*, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324 (holding that the nonmoving party is required to go beyond the pleadings and, by her own affidavits or by the record on file, designate specific facts showing there is a genuine issue).

### B. STATEMENT OF FACTS

Plaintiff's Second Amended Complaint (Doc. 35) and Response in Opposition (Doc. 100) to Defendants' Motion for Summary Judgment set forth very few facts about the events giving rise to her claims of racial discrimination and retaliation.[3] The undersigned relies primarily on Defendants' filings in order to assemble a chronology of the undisputed facts, but will view all evidence and any factual inferences in the light most favorable to Plaintiff and will resolve all conflicts of evidence in Plaintiff's favor. *See*

---

[3] Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the Court, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not require the Court to disregard elementary principles of production and proof in her civil case.

*Matsushita*, 475 U.S. at 587. When the evidence is in conflict, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

Plaintiff is a tenant participant in MHA's Section 8 Program and lives in the Bristol Downs Apartments ("Downs"). (Doc. 92) at 2. Under the Section 8 Program, Plaintiff signed a lease with Downs and MHA paid a portion of Plaintiff's rent directly to Bristol. *Id.* at 3 n.2. Section 8 housing is required to meet federally-mandated Housing Quality Standards ("HQS"). *Id.* at 3; *see also* 24 CFR § 982.401. To ensure compliance with those standards, MHA contracts with a third-party inspection company, McCright & Associates ("McCright") to conduct inspections. (Doc. 92) at 3. Under the Section 8 Program, both the owner of the property and the tenant are required to maintain the housing in accordance with the HQS. *Id.* If a breach of the HQS is caused by the tenant, her Section 8 assistance may be terminated. *Id.*; *See also* 24 CFR § 982.404.

Plaintiff moved into Downs on August 3, 2012. (Doc. 92) at 4. Disputes soon arose between Plaintiff and MHA regarding the accuracy of the results of McCright's inspections. *See id.* at 4-7; *see generally* (Doc. 100) at 2. Disputes also arose regarding the nature of the interactions between Plaintiff and McCright's inspector. *See* (Doc. 92) at 4-7; *see generally* (Doc. 100) at 2. MHA attempted, on several occasions, to schedule a meeting with Plaintiff to discuss those interactions, but Plaintiff did not attend. (Doc. 92) at 9-10; 21-22; (Doc. 100) at 2. During this time, Plaintiff expressed a desire to move to another housing authority's jurisdiction (known as "porting out"), but MHA never received

a written request to do so from Plaintiff as required by MHA rules. (Doc. 92) at 11; *see generally* (Doc. 100). Plaintiff moved out of Downs in August 2016. (Doc. 92) at 20.

## C. DISCUSSION

In her Second Amended Complaint, Plaintiff alleges claims of intentional discrimination and retaliation under the FHA. *See* (Doc. 35). The FHA is concerned with both the furtherance of equal housing opportunity and the elimination of segregated housing. *Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1542 (11th Cir. 1994) (citing *So. Suburban Hous. Ctr. v. Greater So. Suburban Bd. of Realtors*, 935 F.2d 868, 882 (7th Cir. 1991)). Claims brought pursuant to the FHA are analyzed under the same framework used in Title VII cases. *See Sec'y U.S. Dep't of Hous. & Urban Dev. v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990); *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640, 644-45 (11th Cir. 2015).

### *1. Discrimination Claim*

To establish a discrimination claim under the FHA, a plaintiff must either: 1) present direct evidence of discriminatory intent; 2) apply the *McDonnell Douglas* three-step circumstantial evidence test; or 3) present statistical proof. *See Boone v. Rumsfeld*, 172 F. App'x 268, 270-71 (11th Cir. 2006); *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)). Because Plaintiff has not presented any direct or statistical evidence supporting her claim of discrimination, the undersigned proceeds to evaluate her claim under the *McDonnell Douglas* burden-shifting framework. Under *McDonnell Douglas*, Plaintiff must first carry the burden of establishing a prima facie case of racial discrimination by a preponderance

of the evidence. *McDonnell Douglas Corp.*, 411 U.S. at 802. The prima facie case under *McDonnell Douglas* is an evidentiary standard and is greater than the pleading standard under Rule 8. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). Plaintiff cannot survive summary judgment if she fails to establish a prima facie case.

To establish a prima facie case of discrimination under the FHA, a plaintiff must demonstrate "unequal treatment on the basis of race that affects the availability of housing." *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006) (quoting *Jackson*, 21 F.3d at 1542). The FHA prohibits "not only direct discrimination but practices with racially discouraging effects"; thus, a showing of a significant discriminatory effect suffices to demonstrate a violation of the [FHA]." *Jackson*, 21 F.3d at 1543 (quoting *United States v. Mitchell*, 580 F.2d 789, 791 (5th Cir. 1978)).

*a. Intentional Discrimination*

To prove intentional discrimination, "a plaintiff has the burden of showing that the defendants actually intended or were improperly motivated in their decision to discriminate against persons protected by the FHA." *Bonasera v. City of Norcross*, 342 F. App'x 581, 584 (11th Cir. 2009) (quoting *Reese v. Miami-Dade Cty.*, 242 F. Supp. 2d 1292, 1301 (S.D. Fla. 2002)). A plaintiff may meet this burden by presenting evidence that the "decision-making body acted for the sole purpose of effectuating the desires of private citizens, that racial considerations were a motivating factor behind those desires, and that members of the decision-making body were aware of the motivations of the private citizens." *Id.* (quoting *Hallmark Dev., Inc.*, 466 F.3d at 1284).

11

Here, Plaintiff alleged that the McCright inspector used "racist undertone[s]" toward her and used racial stereotypes in comments to her. *See* (Doc. 92) at 6-7; (Doc. 100) at 2. Plaintiff also alleged that various employees of MHA were hostile, abrasive, verbally abusive, and profane. *See generally* (Doc. 92) at 6-29; (Doc. 100) at 2. However, these statements—even if actually made—are not enough to establish a prima facie case of intentional discrimination. Plaintiff produced no evidence that any of the behavior she attributes to Defendants was motivated by racial considerations, and Plaintiff's subjective beliefs are insufficient to a establish a discriminatory animus. *See Bell v. Crowne Mgmt. LLC*, 844 F. Supp. 2d 1222, 1235 (S.D. Ala. 2012) ("[T]he plaintiff has nothing but her subjective belief that she has been discriminated against, and '[h]er opinion, without more, is not enough to establish a prima facie case of race discrimination.'") (quoting *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997)). Hence, the undersigned concludes that Plaintiff has not established that a genuine issue of material fact exists as to whether Defendants acted with discriminatory intent.

*b. Discriminatory Effect*

A plaintiff can demonstrate a discriminatory effect in two ways: it can demonstrate that the decision has a segregative effect or that "it makes housing options significantly more restrictive for members of a protected group than for persons outside that group." *Bonasera*, 342 F. App'x at 585 (quoting *Hous. Investors, Inc. v. City of Clanton, Ala.*, 68 F. Supp. 2d 1287, 1298 (M.D. Ala. 1999)).

Here, Plaintiff claims she was "denied reasonable housing" and "forced to live in segregated areas" due to the housing policies of MHA. (Doc. 35) at 1-2. Plaintiff also

12

testified that "[a]ll the staff [at MHA] act nice with white tenants. You never see them trying to demean them." (Doc. 91-1) at 128-129. However, nowhere in the record does Plaintiff identify a specific person who was treated better than her, nor does she provide any evidence—beyond bare assertions—that African-Americans, as a group, are treated any worse than others by Defendants. *See Herron-Williams v. Ala. State Univ.*, 287 F. Supp. 3d 1299, 1311 (M.D. Ala. 2018) ("[T]he plaintiff must identify a comparator—someone similarly situated to the plaintiff in all relevant respects—whom the defendant treated differently."). Therefore, the undersigned concludes that Plaintiff's conclusory allegations alone do not create a genuine issue of material fact as to whether Defendants purported acts had a discriminatory effect.

Because Plaintiff has not established a prima facie case of discrimination, she has not met the burden of proof necessary to defeat Defendants' Motion and, hence, Defendants' Motion for Summary Judgment as to Plaintiff's discrimination claim is due to be granted.

## 2. Retaliation Claim

"To state a claim for retaliatory housing discrimination under the FHA, a plaintiff must assert that a defendant coerced, intimidated, threatened, or interfered with his exercise of rights granted under the FHA. . . ." *Philippeaux*, 598 F. App'x at 644 (citing 42 U.S.C. § 3617; *Dixon v. Hallmark Cos.*, 627 F.3d 849, 858 (11th Cir. 2010)). "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Id.* (quoting *Walker v. City of*

*Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).  A plaintiff engages in statutorily-protected activity when she protests conduct which is lawful, but she demonstrates a good faith, reasonable belief that the conduct was unlawful.  *Philippeaux*, 598 F. App'x at 644-45.  A plaintiff's belief that the conduct was unlawful must be objectively reasonable.  *Id.* at 45.

Here, Plaintiff claims she was subject to intimidation, threats, and harassment due to her official complaints to MHA about her living conditions and the inspector's behavior towards her.  *See generally* (Doc. 92) at 6-29; (Doc. 100) at 2.  Viewing the evidence in a light most favorable to Plaintiff, the undersigned concludes that Plaintiff held a reasonable belief she was engaged in a protected activity.

However, Plaintiff has not pointed to any evidence in the record—beyond her own pleadings—that shows Defendants subjected her to any adverse action.  Plaintiff claims that she was prevented by MHA from "porting out" but provided no evidence that she ever submitted a request to port out.  (Doc. 92) at 11.  Plaintiff claims she was prevented from having a hearing regarding the inspector's behavior toward her but admitted she never requested one.  *Id.* at 12.  Plaintiff claims she was prevented from getting a housing voucher extension for an alleged disability but provided no evidence she is disabled or that she was ultimately denied the voucher.  *Id.* at 13-14;17.

Similarly, Plaintiff's other accusations lack any substantiation in the record sufficient to carry Plaintiff's initial burden of establishing a prima facie case of retaliation by a preponderance of the evidence.  *See Rollins v. TechSouth, Inc.*, 833 F .2d 1525, 1529 (11th Cir. 1987) )"[U]nsubstantiated assertions alone are not enough to withstand a motion

14


for summary judgment."); *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641-42 (11th Cir. 1998) (finding that conclusory allegations without specific supporting facts have no probative value); *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."). Accordingly, the undersigned finds that Plaintiff fails to establish a prima facie case of retaliation under the FHA.

Even assuming, *arguendo*, that Plaintiff's allegations alone were sufficient to show adverse action by Defendants, Plaintiff does not direct the Court's attention to any evidence in the record which shows Defendants' averse actions were "on account of" her engaging in protected activity. *See Fisher v. SP One, Ltd.*, 559 F. App'x 873, 877-78 (11th Cir. 2014) (quoting 42 U.S.C. § 3617). To survive summary judgment, a plaintiff must establish evidence of a retaliatory motive. *Id.* Plaintiff has submitted no evidence of a causal link between her activity and Defendants' actions beyond her own speculation and conjecture. *See Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) (concluding that proving a causal link between a protected activity and an adverse action requires showing of but-for causation). Therefore, the undersigned concludes there is no issue of material fact as to whether Defendants retaliated against Plaintiff and, hence, Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claim is due to be granted.

## VI. CONCLUSION

Accordingly, for the foregoing reasons, it is

for summary judgment."); *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641-42 (11th Cir. 1998) (finding that conclusory allegations without specific supporting facts have no probative value); *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."). Accordingly, the undersigned finds that Plaintiff fails to establish a prima facie case of retaliation under the FHA.

Even assuming, *arguendo*, that Plaintiff's allegations alone were sufficient to show adverse action by Defendants, Plaintiff does not direct the Court's attention to any evidence in the record which shows Defendants' averse actions were "on account of" her engaging in protected activity. *See Fisher v. SP One, Ltd.*, 559 F. App'x 873, 877-78 (11th Cir. 2014) (quoting 42 U.S.C. § 3617). To survive summary judgment, a plaintiff must establish evidence of a retaliatory motive. *Id.* Plaintiff has submitted no evidence of a causal link between her activity and Defendants' actions beyond her own speculation and conjecture. *See Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) (concluding that proving a causal link between a protected activity and an adverse action requires showing of but-for causation). Therefore, the undersigned concludes there is no issue of material fact as to whether Defendants retaliated against Plaintiff and, hence, Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claim is due to be granted.

## VI. CONCLUSION

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Amend Plaintiff's Response in Opposition to Summary Judgment (Doc. 101), and Plaintiff's Motion for Sanctions (Doc. 104) are DENIED.  Further, the undersigned Magistrate Judge RECOMMENDS that Defendants' Motion for Summary Judgment (Doc. 90) be GRANTED and Plaintiff's Second Amended Complaint (Doc. 35) be DISMISSED with prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 13, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; see *Stein v. Lanning Securities*, Inc., 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 31st day of July, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE